UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **COMPASS BANK,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | **CIVIL ACTION NO. 5:12-CV-46** |
| | § | |
| **DENNIS ALLAN KLEVE**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Plaintiff COMPASS BANK brings this action to recover damages against Defendants DENNIS ALLAN KLEVE and DALE WAYNE KLEVE for defaulting on a mortgage loan. The damages sought include more than $310,000 in unpaid principal and pre-judgment interest. Pending is Compass Bank's Motion for Default Judgment made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. 20.) The Motion (Dkt. 20) is hereby GRANTED.

### Background

In October of 2008, Defendants executed a Promissory Note in favor of Compass Bank for the principal amount of $228,800 together with interest, payable by installments. (*See* Dkt. 1, Attach. 1.) In connection with the Note, Defendants executed a Simple Loan Opening Agreement. (*See id.*, Attach. 3.) The Agreement provides that Defendants' failure to fulfill their obligations under the Note or Agreement will result in Compass Bank declaring as immediately due and payable the unpaid principal amount and interest. (*Id.* at 6, 11.)

Initially, Defendants paid their mortgage according to schedule. But by April of 2010, they had missed several payments. (*See* Dkt. 20, Attach. 2 at 6-9, 12-13.) Through a letter dated October 27, 2011, Compass Bank informed Defendants that they were in default and demanded that the past due amount of $47,081.20 be paid within thirty days. (*Id.* at 15-16.) According to

the letter, Defendants' failure to cure would result in acceleration of the maturity of the Note. (*Id.* at 16.) In January of 2012, Compass Bank sent Defendants a subsequent letter making an offer of settlement. (*Id.* at 18-19.) Apparently, however, Defendants took no action because on April 4, 2012 Compass Bank filed the instant action for breach of contract. (Dkt. 1.) Through its complaint, Compass Bank accelerated the maturity of the Note, declaring all principal and interest immediately due and payable. (*Id.* at ¶ 13.) Defendants were served but failed to plead or otherwise defend. (Dkts. 4, 7, 13, 14, 15, 16.)

## Discussion

### I. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure provides that a court may enter default judgment against a defendant who has defaulted by failing to appear. *See* Fed. R. Civ. P. 55(b)(1), (2). A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Indeed, through a defendant's default, the plaintiff's well-pleaded factual allegations are deemed admitted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Nonetheless, a default does not in itself warrant entering a default judgment, as there must be a sufficient basis in the pleading for the judgment entered. *Id.* Moreover, while a default judgment may establish liability, it does not establish the amount of damages. *Shipco*, 814 F.2d at 1014. Accordingly, to determine the amount of damages, Rule 55(b)(2) authorizes the court to receive detailed affidavits and documentary evidence and to rely on the record. *Lijadu v. I.N.S.*, 2009 WL 508040, at *8 (W.D. La. Feb. 26, 2009) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## II. Analysis

### A. Liability and damages

Here, the record establishes that Defendants are in default on the Note and Agreement for the non-payment of principal and interest, and they are thus liable for breach of contract. As for damages, pursuant to the acceleration provisions in the Agreement, Defendants are liable for the total outstanding principal due, $219,865.13. (*See* Dkt. 20, Attach. 2 at 3.) The terms of the Note and Agreement also provide for pre-judgment interest. In this regard, Compass Bank requests an award of accrued interest in the amount of $45,347.18, which its Mortgage Default Specialist has calculated by applying the "contractually agreed upon interest rate of 9.0%" from the first day of the monthly period preceding the date on which Defendants missed their first installment payment, until April 3, 2012, the day prior to the date on which the Complaint was filed and the demand for payment was made. (*Id.* at 4.) Compass Bank also requests accrued interest at the default interest rate of 17.5% on the entire unpaid principal from April 4, 2012, the date of demand, until the date of judgment. (*Id.*) These requests are not inconsistent with the terms of the mortgage loan documents. Therefore, pre-judgment interest will be awarded as requested.

### B. Attorney's fees

Finally, Compass Bank requests attorney's fees and costs in the amount of $17,714.77. (Dkt. 20, Attach. 3 at 4.) An award of attorney's fees and costs is contemplated by the Note and Agreement. (Dkt. 1, Attach. 1 at 3-4; Attach. 3 at 13.) Furthermore, attorney's fees are authorized under Texas law when a valid claim is made on a written contract. Tex. Civ. Prac. & Rem. Code § 38.001. Nonetheless, the Court must now determine whether Compass Bank's requested fees and costs are reasonable.

To calculate reasonable attorney's fees, district courts in the Fifth Circuit use the "lodestar" method. *Transamerican Natural Gas Corp. v. Zapata P'ship (In re Fender)*, 12 F.3d 480, 487 (5th Cir. 1994). The lodestar is equal to the number of hours reasonably spent on the case multiplied by an appropriate hourly rate in the community for such work. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curium). In determining the number of hours reasonably spent, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010). For the purpose of determining an appropriate hourly rate, the relevant market is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

Attorney billing records indicate that six attorneys spent a total of 64 hours and 33 minutes working on this case, plus four hours and 30 minutes spent by a paralegal. (Dkt. 20, Attach. 3 at 7-8.) However, the Court will exclude any hours spent on the preparing and filing of Compass Bank's motion for default judgment against Dale Wayne Kleve (*see* Dkt. 10), which was later amended by the instant motion seeking default judgment against both Defendants (*see* Dkt. 20). Adjusting for the exclusion, the Court deems that 60 hours and 57 minutes of attorney time and three hours and 48 minutes of paralegal time were reasonably spent on this case.

The Court must next determine the appropriate hourly rate. Here, four of Compass Bank's Texas-based attorneys billed at a rate of $250 per hour, and two attorneys from Minnesota billed at rates of $210 and $300. When an attorney requests their customary rate that is within the range of prevailing market rates, and that rate is not contested, it is prima facie reasonable. *La. Power & Light Co., v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). Here, the $250 hourly rate claimed by Compass Bank's Texas-based counsel is not contested, and the Court finds it to be a reasonable one. Also reasonable is the $110 paralegal rate. However, the

$300 rate charged by Minnesota counsel exceeds the rates charged by Texas counsel and the community in which this Court sits. Thus, because Compass Bank has not provided "abundant and uncontradicted evidence" to prove the necessity of out-of-district counsel, these rates will be reduced to that charged by the Texas-based attorneys. *See McClain v. Lufkin Indus.*, 649 F.3d 374, 382 (5th Cir. 2011).

Accordingly, multiplying the number of reasonable hours by the proper rates yields a lodestar of $16,717.77. Compass Bank is also entitled to $1,285.69 in costs related to the enforceability of the note and loan agreement.

### Conclusion

For the reasons above, Compass Bank's Motion for Default Judgment (Dkt. 20) is hereby GRANTED. In summary, Compass Bank is awarded $219,865.13 in principal, pre-judgment interest in the manner discussed above, and $18,003.46 in fees and costs. Also to be awarded is post-judgment interest. *See* 28 U.S.C. § 1961. A separate final judgment will issue.

IT IS SO ORDERED.

SIGNED this 2nd day of July, 2013.

_____
Diana Saldaña
United States District Judge